**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAYLOR PRATT, | : | CIVIL ACTION |
| Plaintiff | : | No. ______________ |
| v. | : | |
| URBAN OUTFITTERS, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT AND JURY DEMAND

## I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Taylor Pratt ("Plaintiff Pratt"), a former employee of Defendant Urban Outfitters, Inc. ("Defendant") who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act, 42 U.S.C. §12010 ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101 et seq. ("PFPO"), the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg et seq. ("PWFA"), and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Pratt's claims are substantively based on Title VII/PDA, the ADA, the PWFA, and the FMLA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Pratt's claims arising under the PHRA and PFPO.

5. All conditions precedent to the institution of this lawsuit have been fulfilled. On August 17, 2026, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. More than one year has elapsed since the dual filing of Plaintiff Pratt's charge of discrimination with the EEOC and PHRC and, accordingly, her claims arising under the PHRA and PFPO are now ripe for litigation.

7. Plaintiff Pratt has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

8. Plaintiff Pratt is a thirty-five (35) year old female citizen of the State of New Jersey, residing therein at 115 Pearl Street, Newfield, New Jersey 08344.

7. Defendant Urban Outfitters, Inc. ("Defendant") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania,

maintaining a place of business located at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112.

8. At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII/PDA, the ADA, the FMLA, the PWFA, the PFPO, the PHRA, and the PFPO, and has been, and is, subject to the provisions of each said Act.

10. At all times material herein, Plaintiff Pratt has been an "employee" as defined under Title VII/PDA, the ADA, the FMLA, the PWFA, the PFPO, the PHRA, and the PFPO, and has been, and is, entitled to the protections of each said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Pratt was employed by the Defendant from on or about February 21, 2021 until on or about March 7, 2025, the date of her unlawful termination.

12. Upon commencing employment with the Defendant, Plaintiff Pratt held the position of Assistant Buyer.

13. As a result of her hard work and dedication to the job, in or about 2023, the Defendant promoted Plaintiff Pratt to serve in the role of Associate Buyer.

14. As an Associate Buyer, Plaintiff Pratt's duties included, but were not limited to, strategic planning and execution of seasonal product assortments by delivering high quality, trend-driven merchandise that aligns with the Defendant's brand aesthetic and customer demands; managing inventory to ensure optimal stock levels and limit

stock-outs; analyzing sales data on a daily basis to identify product opportunities and build strategies to maximize sales; collaborating with internal sales teams to maximize profitability, limit markdowns, and plan assortments accordingly; and partnering with vendors to facilitate product development, negotiate pricing, and ensure timely shipments.

15. During her tenure of employment, Plaintiff Pratt made significant contributions as an Associate Buyer and was lauded for her exceptional performance in said role.

16. Significantly, in 2024, Plaintiff Pratt drove $1.8 million in sales by identifying and successfully launching a new photo vendor for the Defendant. Plaintiff Pratt contributed to Defendant's Home Division's receipt of the "Department of the Month" award in June of 2024. Additionally, Plaintiff Pratt effectively managed an annual to open buy plan totaling $15 million.

17. At all times relevant hereto, Plaintiff Pratt performed her job responsibilities in a dutiful and competent manner and maintained a satisfactory job performance rating with the Defendant.

18. In or about May of 2024, Plaintiff Pratt disclosed to the Defendant that she was pregnant and due to give birth in December of 2024. Plaintiff Pratt additionally advised the Defendant that she planned to take a brief maternity leave of absence to give birth and recover thereafter.

19. On December 10, 2024, Plaintiff Pratt commenced her maternity leave of absence as a reasonable accommodation under the PWFA. As an eligible employee,

Plaintiff Pratt additionally exercised her right to take a job protected maternity leave of absence under the FMLA.

20. On December 13, 2024, Plaintiff Pratt gave birth to her son.

21. On or about January 20, 2025, Plaintiff Pratt logged onto the Defendant's internal portal to upload her son's birth certificate for insurance coverage purposes. At that time, Plaintiff Pratt discovered that the Defendant had promoted multiple Assistant Buyers to the role of Associate Buyer.

22. On or about January 27, 2025, Plaintiff Pratt exchanged a series of emails with Defendant's Human Resources department, inquiring as to when she could expect to receive her son's health insurance card and when she would begin to receive her maternity leave pay. Maggie Keegan ("Keegan"), Human Resources Coordinator, responded, providing Plaintiff Pratt with the requested insurance cards. Jocelyn Mitchell ("Mitchell"), Human Resources Specialist, informed Plaintiff Pratt of the bi-weekly pay schedule and that she would receive her last installment of maternity leave pay on March 20, 2025.

23. On or about February 19, 2025, Plaintiff Pratt was admitted to the hospital with severe postpartum complications, including acute pancreatitis.

24. Plaintiff Pratt's postpartum complications constitute a disability within the meaning of the ADA, PHRA, and PFPO in that they substantially impair one or more of her major life activities including, but not limited to, normal endocrine function and normal gastrointestinal function.

25. On or about February 20, 2025, Plaintiff Pratt contacted Jena Tracey ("Tracey"), her immediate supervisor and Managing Director, to disclose her disability and that she had just been hospitalized related thereto. Plaintiff Pratt requested a reasonable accommodation for her disability, namely that she be permitted to work from home for a brief period of time beginning on or about March 3, 2025 when she planned to return from maternity leave.

26. Importantly, prior to commencing maternity leave, Plaintiff Pratt worked a hybrid schedule and had full capacity to perform all essential functions of her job remotely.

27. Later that day, Vianel Rodriguez ("Rodriguez"), Senior Leave Specialist, contacted Plaintiff Pratt regarding her an alleged request for additional time off or an extension of her leave. Plaintiff Pratt responded that she never asked for an extension of leave, but rather made a request for a reasonable accommodation for her disability to be permitted to work from home for a brief period of time. Plaintiff Pratt additionally advised the Defendant that she may require surgery as treatment for her disability, but that had not yet been determined.

28. In response, Holly Hennessey ("Hennessey"), Senior Benefits Manager, instructed Plaintiff Pratt to have her treating physician complete a "Release to Return to Work" form and once received by Defendant, they could discuss her request for reasonable accommodation to temporarily work from home. Plaintiff Pratt complied and returned the completed release, as well as a note from Amanda Mirmanesh, D.O., her treating physician, to Defendant on February 24, 2025.

29. In her note, Dr. Mirmanesh requested that the Defendant allow Plaintiff Pratt to temporarily work from home from March 3, 2025 until April 1, 2025 due to medical reasons.

30. On February 26, 2025, Hennessey acknowledged receipt of Plaintiff Pratt's return to work paperwork, as well as her request for accommodation, and explained that Rached Elstad ("Elstad"), Senior Human Resources Business Partner, would be in touch on March 4, 2025 with "the next steps." Hennessey also told Plaintiff Pratt that she could remain on FMLA leave until March 4, 2025, despite the fact that Plaintiff Pratt had been cleared to work effective March 3, 2025.

31. That same day, Elstad sent Plaintiff Pratt an email stating that they would discuss her requests for accommodation via Zoom on March 4, 2025.

32. On February 27, 2025, Plaintiff Pratt received a Zoom link from the said Elstad for March 4, 2025 with the meeting title: "Taylor Pratt RTW."

33. On March 4, 2025, Plaintiff Pratt logged into the Zoom meeting, as directed. To her surprise, and in direct contradiction to Hennessey's representation that they would discuss her request for accommodation for her disability, Elstad denied her request and instead abruptly informed Plaintiff Pratt that Defendant had terminated her employment effective March 7, 2025, allegedly due to a "job elimination" while she had been on leave.

34. Plaintiff Pratt believes and avers that the Defendant's articulated reason for her termination is false and pretextual and that the Defendant actually terminated her employment due to her sex/pregnancy, her actual and/or perceived disability and/or

record of impairment (postpartum complications), and/or in retaliation for requesting reasonable accommodations for her pregnancy and disability and/or for exercising her rights under the PWFA and FMLA.

35. As evidence of pretext, just before terminating Plaintiff Pratt's employment, the Defendant promoted other less qualified, less experienced, non-pregnant and non-disabled individuals into Associate Buyer roles.

**COUNT I**
**(Title VII/PDA – Sex/Pregnancy Discrimination, Retaliation)**
**Plaintiff Pratt v. the Defendant**

36. Plaintiff Pratt incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Pratt to discrimination based on her sex/pregnancy, and retaliating against her for requesting accommodations for her pregnancy, ultimately resulting in the termination of her employment, constituted a violation of Title VII/the PDA.

38. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII/the PDA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

39. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title

VII/the PDA, Plaintiff Pratt suffered severe emotional distress, humiliation, and loss of self-esteem.

**COUNT II**
**(ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)**
**Plaintiff Pratt v. the Defendant**

40. Plaintiff Pratt incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Pratt to discrimination based on her actual and/or perceived disability and/or record of impairment, in failing to accommodate her disability, and in retaliating against her for requesting reasonable accommodations for her disability, ultimately resulting in the termination of her employment, constituted a violation of the ADA.

42. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

43. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Pratt suffered severe emotional distress, humiliation, and loss of self-esteem.

**COUNT III**
**(FMLA – Retaliation)**
**Plaintiff Pratt v. the Defendant**

44. Plaintiff Pratt incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. At the time Plaintiff Pratt commenced maternity leave, she was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. §2611(a)(i)(ii).

46. Plaintiff Pratt requested and utilized maternity leave, with whom she had been employed for at least twelve (12) months pursuant to the requirements of the FMLA, 29 U.S.C. §2611(2)(i).

47. Plaintiff Pratt had at least 1,250 hours of service with Defendant during her last full year of employment.

48. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. §2611(4)(A)(i).

49. Plaintiff Pratt was entitled to receive job protected leave pursuant to 29 U.S.C. §2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

50. Defendant retaliated against Plaintiff Pratt by terminating Plaintiff Pratt's employment: (1) for requesting FMLA leave; (2) by considering Plaintiff Pratt's FMLA needs; (3) to prevent Plaintiff Pratt from returning to her position she held prior to taking maternity leave; (4) to prevent her from taking further FMLA-qualifying leave in the

future; and/or (5) taking actions against her that would dissuade a reasonable person from exercising her rights under the FMLA.

51. The actions of Defendant as aforesaid constitute violations of the FMLA.

52. As a direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

**COUNT IV**
**(PWFA – Failure to Accommodate, Retaliation)**
**Plaintiff Pratt v. the Defendant**

53. Plaintiff Pratt incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. The actions of the Defendant, in denying Plaintiff Pratt's request for reasonable accommodations for her pregnancy-related complications, and in retaliating against her for requesting reasonable accommodations, ultimately resulting in the termination her employment, constituted violations of the PWFA.

55. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PWFA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

56. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PWFA, Plaintiff Pratt suffered severe emotional distress, humiliation, and loss of self-esteem.

**COUNT V**
**(PHRA – Sex/Pregnancy Discrimination, Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)**
**Plaintiff Pratt v. the Defendant**

57. Plaintiff Pratt incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Pratt to discrimination based on her sex/pregnancy, actual and/or perceived disability and/or record of impairment, and retaliating against her for requesting accommodations for her pregnancy and disability, ultimately resulting in the termination of her employment, constituted a violation of the PHRA.

59. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

60. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pratt suffered severe emotional distress, humiliation, and loss of self-esteem.

**COUNT VI**
**(PFPO – Sex/Pregnancy Discrimination, Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)**
**Plaintiff Pratt v. the Defendant**

61. Plaintiff Pratt incorporates by reference paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Pratt to discrimination based on her sex/pregnancy, actual and/or perceived disability and/or record of impairment, and retaliating against her for requesting accommodations for her pregnancy and disability, ultimately resulting in the termination of her employment, constituted a violation of the PHRA.

63. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pratt sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

64. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pratt suffered severe emotional distress, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

65. Plaintiff Pratt incorporates by reference paragraphs 1 through 64 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Pratt requests that this Court enter judgment in her favor and against Defendant, and Order that:

a. Defendant compensate Plaintiff Pratt, reimburse Plaintiff Pratt, and make Plaintiff Pratt whole for any and all pay and benefits she would have received had it not been for Defendant's unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b. Defendant pay to Plaintiff Pratt liquidated damages and punitive damages as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

c. Defendant pay to Plaintiff Pratt compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Pratt pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff Pratt demands a trial by jury.

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
Traci M. Greenberg, Esq. (86396)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com
tgreenberg@karpf-law.com

Dated: September 15, 2026

**VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 9/15/2026

Taylor Pratt

Taylor Pratt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Taylor Pratt | : | CIVIL ACTION |
| v. | : | |
| Urban Outfitters Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/15/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

PRATT, TAYLOR

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

URBAN OUTFITTERS INC.

County of Residence of First Listed Defendant: Kings
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); Title VII (42USC2000); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, Title VII/PDA, PHRA, PFPO, PWFA and FMLA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 9/15/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______